UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH NARVAEZ TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00163-JRS-MG |
| | ) | |
| SAM OLSON, | ) | |
| KRISTI NOEM, | ) | |
| PAMELA BONDI, | ) | |
| BRISON SWEARINGEN, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING MOTION TO RECONSIDER, VACATING ORDER,
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On March 11, 2026, Petitioner Joseph Narvaez Torres filed a petition for a writ of habeas asserting that his continued detention by ICE is unlawful because Respondents failed to properly revoke his release on an Order of Supervision (OSUP). Dkt. 1. On March 24, the Court granted the petition in part, ordering Respondents either to revoke the OSUP according to the regulations found at 8 C.F.R. § 241.4, or to release the Petitioner. Dkt. 9 at 8.

On March 25, Respondents filed a motion to reconsider the Court's grant of the petition, arguing that Mr. Narvaez Torres was not, in fact, released pursuant to an OSUP but was, instead, released on his own recognizance and that, as a result, their revocation of release was lawful. Dkt. 10 at 4.

For good cause shown, Respondents' motion to reconsider, dkt. [10], is **granted**. The Court vacates its March 24 Order, dkt. [9]. For the reasons that follow, Mr. Narvaez Torres' petition is **denied**. Dkt. 1.

**I. Background**

Mr. Narvaez Torres is a citizen of Nicaragua who entered the United States as a minor with his parents through Mexico in 2019. Dkt. 6-1 at 3. They were found to be inadmissible, issued a Notice to Appear, and returned to Mexico under Migrant Protection Protocols. *Id.* at 16. Mr. Narvaez Torres was issued a final order of removal on November 4, 2019. *Id.* at 1. On or about September 2, 2021, Mr. Narvaes Torres again entered the United States as a minor through Mexico with his parents. Dkt. *Id.* at 5. Mr. Narvaez-Torres' parents were issued an OSUP. Dkt. 1-2 at 5.7. Mr. Narvaez Torres was released on his own recognizance.[1] Dkt. 1-2 at 3. He has applied for asylum, but his application has not been granted. Dkt. 1 at 1.

On March 9, 2026, ICE officers ran a records check on Mr. Narvaez Torres and found that he had not complied with the conditions of his release. Dkt. 6-1 at 8. The Supervisory Detention and Deportation Officer therefore signed a Warrant for Arrest (Form I-200) and the Assistant Field Office Director signed a memo of Cancellation of Form I-220A, which purported to cancel Mr. Narvaez-Torres' release. Dkt. 6-1 at 8; dkt. 6-2; dkt. 6-3. Ex. 2. On March 10, 2026, ICE officers located and arrested Mr. Narvaes Torres and served him with the Warrant for Arrest. *Id.* He was interviewed and admitted that he was a citizen of Nicaragua with no lawful basis to be in the United States. Dkt. 6-1 at 9. He also conceded that he had no applications or petitions pending that would afford him the right to enter or remain in the United States. *Id.* Mr. Narvaez Torres filed his petition for writ of habeas corpus on March 11. Dkt. 1.

Mr. Narvaez Torres was booked out of the Clay County Justice Center on March 11, transferred to Indianapolis, and then transported by plane to ICE's Oakdale Processing Center facility in Louisiana, arriving at 3:11 p.m. Dkt. 6-4. He is currently detained at Oakdale. *Id.* The

---

[1] Although Mr. Narvaez Torres' petition argued that he was released on an OSUP like his parents, the documentary record shows he was released on his own recognizance. Mr. Narvaez Torres subsequently corrected the record. Dkt. 8 at 1.

Court issued its Order to Show Cause on March 12, which the U.S. Attorney's Office transmitted to the ICE Office of Principal Legal Advisor at 5:18 p.m the same day.[2] Dkt. 6 at 3. The Respondents do not dispute that this court has jurisdiction over Mr. Narvaez Torres' habeas petition. *Id.*

## II. Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Three sources of law govern the Court's analysis of the instant petition.

First, the Attorney General is required to detain an alien, who has been ordered removed, for 90 days. 8 U.S.C. § 1231(a)(1). "If the alien does not leave or is not removed within the [90-day] removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Noncitizens who have been ordered removed for certain specified reasons may be released, subject to supervision, at the Attorney General's discretion. 8 U.S.C. § 1231(a)(6).

Second, federal regulations prescribe procedures for revoking release on recognizance and for returning a removable noncitizen to custody.

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.

---

[2] The Order to Show Cause stated that Respondents "shall not transfer Petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition." *See* dkt. 4. Because Mr. Narvaez Torres was removed before the Court issued the Order to Show Cause, it does not appear that the Respondents transferred him in violation of the Court's order. Furthermore, Mr. Narvaez Torres does not argue that he is entitled to relief based on violation of the order.

8 C.F.R. § 1236.1(c)(9).

In his reply, Mr. Narvaez Torres argues that, although he was released on his own recognizance, he was also granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which requires compliance with the regulations set forth in 8 C.F.R. § 212.5(e)(2)(i). The documentary record, however, shows that Mr. Narvaez Torres was issued an I-220A, Order of Release on Recognizance due to humanitarian reasons, rather than humanitarian parole. Dkt. 1-2 at 1-3. The I-220A provides that failure to comply with the conditions of release may result in return to ICE custody. *Id*. at 3. Mr. Narvaez Torres has not produced any evidence showing that he received humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).

On March 10, Assistant Field Office Director ("AFOD") Eric J. Urbanski signed a memorandum documenting cancellation of Mr. Narvaez Torres' Order of Release on Recognizance. Dkt. 6-2. Respondents represent that Mr. Urbanski, as AFOD, was authorized to do so under 8 C.F.R. § 1236.1(c)(9), and Mr. Narvaez Torres does not argue that Mr. Urbanski was not authorized.

Mr. Narvaez Torres also challenges his mandatory detention pending removal under the Due Process Clause of the Fifth Amendment. Dkt. 8 at 7-8; *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (interpreting 8 U.S.C. § 1231 as implicitly authorizing detention only to the point when "removal is no longer reasonably foreseeable."). However, Mr. Narvaez Torres has provided no evidence or argument that would make *Zadvydas* applicable to this case. He does not claim that his detention is prolonged because removal or resolution is not foreseeable. Furthermore, because he has not been detained past *Zadvydas*' presumably reasonable period of six-months, the Court cannot draw that inference based on the facts in the record.

Accordingly, Respondents' motion for reconsideration must be **granted**. Mr. Narvaez Torres' petition for a writ of habeas corpus must be **denied**.

### IV. Conclusion

Respondents' motion for reconsideration of the Court's March 24 Order is **granted**. Dkt. [10]. The Court's March 24, 2026, Order is **vacated**. Dkt. [9].

Mr. Narvaez Torrez petition for a writ of habeas corpus, is **denied**, and this action is **dismissed with prejudice**. Dkt. 1.

Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 3/27/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record.

5